

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID NELSON, Individually and d/b/a COLLECTIVE CONTRACTING, A SOLE PROPRIETORSHIP; COLLECTIVE CONTRACTING, INC.; and E.E. HOOD & SONS, INC., Appellants, v. VERNCO CONSTRUCTION, INC., Appellee. | § § § § § § § § | No. 08-10-00222-CV Appeal from the 45th District Court of Bexar County, Texas (TC# 06-CI-18807) |

## <u>SUPPLEMENTAL OPINION</u>

In our opinion dated May 31, 2018, we suggested a remittitur of $2,122,978.00, representing breach of contract damages for force account work that was unsupported by legally sufficient evidence. We stated that if remittitur were filed by Appellee Vernco Construction within fifteen days of the date of the opinion, we would modify the judgment with respect to this amount and affirm the judgment as modified.

In response, on June 8, 2018, Vernco filed two documents in this Court: an "Acceptance of the Court's Suggestion of Remittitur" and an "Advisory to the Court Regarding the Amount of Actual Damages Remaining After Remittitur" alerting us to a purported arithmetic error in our actual damages calculations.

In its advisory, Vernco contends that we erred by stating that after remittitur, the actual damages award would be $1,702,758.00. Vernco points out that this amount does not include an award of $350,000.00 in damages for Nelson's failure to pursue inefficiency claims. Vernco cautions us that in rendering final judgment (1) the actual amount of judgment should be $2,052,758.00 and (2) this amount should be recoverable jointly and severally against both Hood and Nelson.

We cannot render such a judgment. We take this opportunity to clarify our position and reiterate our understanding of the trial court's judgment.

### *The Court's Initial Calculations Were Not Erroneous*

As we noted in our initial opinion, while the jury's verdict authorizes joint and several liability against Hood and Nelson for this amount, the trial court's judgment does not. Instead, the trial court's judgment only allows Vernco to recover *against Hood individually* for lost profits damages ($1,191,758.00 for non-force account work and $2,122,978.00 in force account work) and lost business value damages ($511,000.00). *See Nelson v. Vernco Constr., Inc.,* -- S.W.3d -- , No. 08-10-00222-CV, 2018 WL 2440773, at *9-*10 (Tex.App.--El Paso May 31, 2018, no pet. h.).

Our judgment eliminates the lost profit damages line-item as to force account work, leaving the non-force account work lost profits and lost business value actual damages being recoverable *against Hood individually* for an amount that totals $1,702,758.00. Per the remaining unaltered terms of the trial court's judgment, the $350,000 for lost inefficiency claims remains *jointly and severally recoverable* against both Hood and Nelson.

### *No Ability to Make Judgment Jointly and Severally Enforceable Absent a Cross-Appeal from Vernco; No Just Cause Shown*

To the extent that Vernco asks this Court to impose liability on Nelson beyond the $350,000.00 authorized by the trial court's judgment, we lack the ability to do so. While the Texas Rules of Civil Procedure required the trial court to issue a judgment that "conform[ed] to the . . . verdict . . . and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity[,]" TEX.R.CIV.P. 301, "[t]he appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." TEX.R.APP.P. 25.1(c). An appellee who is satisfied with the trial court's judgment need not file a cross-appeal in order to urge us to affirm the judgment, but an appellee that seeks to alter the judgment and obtain relief beyond that which was authorized in the trial court must file a notice of appeal in the appellate court. *City of Brownsville ex rel. Pub. Util. Bd. v. AEP Tex. Cent. Co.*, 348 S.W.3d 348, 358 (Tex.App.--Dallas 2011, pet. denied).

In our initial opinion interpreting the trial judgment's decretal clauses, we noted that the trial court's judgment inclusion of certain terms from the verdict and not others was a deliberate result of post-judgment litigation "and not simply a clerical error amenable to correct via a judgment nun pro tunc." *Nelson*, 2018 WL 2440773, at *10. To the extent the trial court erred by granting Vernco less than all the relief to which it was entitled against Nelson, Vernco as Appellee was required to file a cross-appeal if it sought to increase its recovery beyond what was authorized by the trial court's judgment. While this Court retains the ability to grant relief on an appellee's request for alteration of the trial court's judgment in the absence of a notice of cross-appeal if just cause is shown, TEX.R.APP.P. 25.1(c), we find no just cause here, given that the trial court's judgment was subject to extensive post-verdict litigation and given that the trial court's judgment appears to closely track large portions of a proposed judgment submitted by Vernco itself.

***Final Judgment***

3

To the extent our initial opinion was unclear as to the amount of relief being granted, we clarify our judgment as follows:

<u>AGAINST HOOD INDIVIDUALLY</u>:

$1,852,758

<u>AGAINST HOOD AND/OR NELSON (JOINTLY AND SEVERALLY)</u>:

$350,000[1]

<u>AGAINST NELSON INDIVIDUALLY</u>:

$150,000[2]

Plus, applicable pre-judgment and post-judgment interest; trial court costs, and half of appellate costs.

### *Conclusion*

Vernco Construction has timely accepted the remittitur and asked the Court to modify the trial court's judgment consistent with our opinion and judgment in this matter while reserving its right to appeal our remittitur decision under *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 848 (Tex. 1990).

Accordingly, we vacate our judgment, but not our opinion, dated May 31, 2018. We modify the trial court's judgment to (1) reflect that Appellant E.E. Hood is liable for knowing participation in Appellant David Nelson's breach of fiduciary duty, rather than breach of contract; (2) delete the award of attorney's fees; and (3) reflect an award of actual damages against Hood individually in the amount of $1,702,758.00 and $150,000.00 in exemplary damages for a total of $1,852,758.00. We affirm the remainder of the trial court's judgment as modified, and render

---

[1] Actual damages—failure to file inefficiency claims.

[2] Punitive damages.

judgment against Appellants and their sureties on the Appellants' supersedeas bonds, if any. TEX.R.APP.P. 43.5. Appellants and their sureties and Appellee are ordered to each pay their respective one-half (1/2) costs of this appeal. This Court's opinion of May 31, 2018, otherwise remains in effect. All other relief is denied.

June 22, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, J.J.
Hughes, J. (Not Participating)